**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

NATIONAL GENERAL INSURANCE COMPANY                                    PLAINTIFFS
and ALLAN DORE

v.                                      No. 4:08CV00323 JLH

ROAD SIDE ASSISTANCE; LAZY DAYS RV
CENTER, INC.; and MONACO COACH CORP.                                  DEFENDANTS

**OPINION AND ORDER**

National General Insurance Company and Allan Dore commenced this action in the Circuit Court of Izard County, Arkansas, seeking damages resulting from a fire that originated in and destroyed a 2004 Holiday Rambler Navigator motor home and also destroyed a 2005 GMC Canyon pickup truck parked next to the Rambler. The complaint alleges that the fire was caused by a faulty electrical system in the motor home or work performed on the motor home by one or more of the defendants.

Monaco Coach Corporation is in the business of manufacturing and selling motor homes such as the 2004 Holiday Rambler Navigator motor home involved in this case. Lazy Days RV Center, Inc., is engaged in the business of selling at retail to members of the public motor homes such as the one at issue. Road Side Assistance is a sole proprietorship owned by Chester Dale Eastin, III. The complaint alleges that Road Side Assistance is engaged in the business of repairing and servicing motor homes and had worked on the electrical system in the motor home at issue in this case. The complaint requests damages in the amount of $480,226.33.

Lazy Days RV Center, Inc., and Monaco Coach Corporation removed this case from the Circuit Court of Izard County to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

Road Side Assistance has filed a motion to dismiss for lack of personal jurisdiction. The motion to dismiss is supported by an affidavit of Chester Dale Eastin, III. According to Eastin's affidavit, he owns and operates a sole proprietorship under the name of Road Side Assistance. Road Side Assistance is located at 128 S. Parkway Drive, La Vernia, Texas, approximately twenty-seven miles east of San Antonio, Texas. Road Side Assistance has no offices or dealership locations in the State of Arkansas, does not conduct any business within the State of Arkansas, is not licensed or registered to conduct business in the State of Arkansas, and does not sell, advertise, or promote its services in the State of Arkansas. Eastin's affidavit also says that all conduct or actions giving rise to the plaintiffs' cause of action in this matter occurred in the State of Texas approximately thirty-seven miles from the Road Side Assistance shop.

Plaintiffs have responded by filing a motion for leave to amend their complaint so as to name Chester Dale Eastin, III, d/b/a Road Side Assistance as a defendant in place of Road Side Assistance. Plaintiffs also argue that this Court has jurisdiction because the case has been removed from the Circuit Court of Izard County, Arkansas, to this Court, the parties are of diverse citizenship, and the amount in controversy exceeds $75,000. Plaintiffs do not contest Eastin's affidavit.

Plaintiffs' argument confuses subject matter jurisdiction with personal jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). However, that the Court has subject matter jurisdiction does not mean that the Court has jurisdiction over Chester Dale Eastin, III, d/b/a Road Side Assistance.

A district court in a diversity action may assume personal jurisdiction over a nonresident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 790 (8th Cir. 2005). The Arkansas long-arm statute extends personal jurisdiction over nonresidents to the

maximum extent permitted by the Due Process Clause of the Fourteenth Amendment. ARK. CODE ANN. § 16-4-101(B). Therefore, the only inquiry is whether the Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over Eastin in this case. *See Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). The Due Process Clause requires the existence of minimum contacts between a defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980). Sufficient contacts exist when the defendant's conduct in connection with the forum state is such that the defendant should reasonably anticipate being brought into court there, and when the maintenance of the suit there does not offend traditional notions of fair play and substantial justice. *See Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991). The minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958)).

The Eighth Circuit has instructed district courts to consider the following factors in determining whether personal jurisdiction exists: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. The first three factors are of primary importance. *Bell Paper Box*, 22 F.3d at 819. With respect to the third factor, the Eighth Circuit distinguishes between specific jurisdiction and general jurisdiction. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to the defendant's conduct within the forum state, while general jurisdiction

refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Id*; *Coen v. Coen*, 509 F.3d 900, 906 (8th Cir. 2007).

Eastin's undisputed affidavit establishes that this Court does not have jurisdiction over him. He has no contacts with the State of Arkansas. He has not purposefully availed himself of the privilege of conducting activities within the State of Arkansas. This case cannot be meaningfully distinguished from *World-Wide Volkswagen Corp. v. Woodson*, where the Supreme Court held that Oklahoma could not exercise personal jurisdiction over World-Wide Volkswagen Corp., even though it was foreseeable that some of its automobiles would travel through Oklahoma. *Woodson*, 444 U.S. at 295-96. Because this Court does not have personal jurisdiction over Chester Dale Eastin, III, d/b/a Road Side Assistance, plaintiffs' claims against him will be dismissed, and the motion for leave to file an amended complaint will be denied.

## CONCLUSION

For the reasons stated, the motion to dismiss filed in the name of Road Side Assistance is GRANTED. Document #3. Plaintiffs' motion for leave to file an amended complaint is DENIED because it would be futile to permit the amendment inasmuch as this Court lacks personal jurisdiction over Eastin. Document #8.

IT IS SO ORDERED this 25th day of April, 2008.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE